UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KALYPSO PARKIS, Individually and on Behalf of
All Others Similarly Situated,

                Plaintiff,

      - vs. -

MICROSOFT CORPORATION,

              Defendant.

**COMPLAINT**

Case No.: `5:09-cv-110`
`FJS/GHL`

---

     Plaintiff, Kalypso Parkis, on behalf of herself individually and all others similarly

situated in the State of New York, as and for their Complaint against defendant Microsoft

Corporation, alleges as follows:

### PARTIES

     1.      Plaintiff Kalypso Parkis is an individual residing in the City of Syracuse,

County of Onondaga, State of New York.

     2.      Upon information and belief, and at all times relevant herein, defendant

Microsoft Corporation is and was a Washington State corporation authorized to do and

doing business in the State of New York, with offices for the conduct of said business at

1 Microsoft Way, Redmond, Washington 98052-6399.

     3.      Upon information and belief, the aforesaid Microsoft Corporation

[hereinafter "Microsoft"] is and was at all times relevant herein soliciting business,

transacting business, and doing business in the State of New York and throughout the

United States, and is and was designing, manufacturing, advertising, promoting,

Dockets.Justia.com

marketing, selling and distributing the "Xbox 360" video game console and game discs designed to operate in the Xbox 360 console to public consumers across New York State.

## JURISDICTION AND VENUE

4.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) as a class action filed pursuant to Rule 23 of the Federal Rules of Civil Procedure, as aggregated pursuant to 28 U.S.C. § 1332(d)(6), exceeding the sum of $5,000,000.00 exclusive of interests and costs, and a substantial number of members of the class of plaintiffs are citizens of a state different from that of the corporate defendant, Microsoft.

5.     Venue is proper in the Northern District of New York, pursuant to 28 U.S.C. § 1391(a)(1) and (2) in that defendant Microsoft resides in the State of New York and in the Northern District of New York, as such residence is defined in 28 U.S.C. § 1391(c), since: (i) Microsoft was and is at all times relevant herein regularly doing, soliciting and transacting business in New York State generally, including but not limited to Syracuse and Onondaga County, thereby subjecting said corporation to personal jurisdiction in the State of New York at the time of commencement of this action; (ii) defendant Microsoft has registered and filed with the New York State Secretary of State's Office as a foreign corporation authorized to do business in the State of New York, thereby statutorily subjecting it to personal jurisdiction in New York State courts pursuant to N.Y. Business Corporation Law, Article 13 and § 306; and (iii) a substantial part of the events or omissions giving rise to the plaintiff's claim occurred, and/or a substantial part of the property that is the subject of the action is situated in the State of New York.

## FACTUAL ALLEGATIONS

6.     This case seeks monetary relief to redress, upon information and belief, a systemic, state-wide consumer fraud perpetrated by the defendant Microsoft Corporation doing business in the State of New York. Plaintiff brings this action on behalf of herself and on behalf of the Classes of similarly-situated consumers in the State of New York, further described herein, who purchased or were given Xbox 360 gaming consoles and game discs, DVDs, and CDs, as the Xbox 360 was designed, manufactured and sold by Microsoft from approximately November 22, 2005, to the present, inclusive.

7.     The Microsoft Xbox 360 game console plays video games, music, movies, etc., when connected to a television or computer screen.

8.     Worldwide sales of Xbox 360 gaming consoles since November of 2005 have reportedly reached 28 million units, upon information and belief well ahead of its two nearest rivals, the Sony PlayStation 3 and the Nintendo Wii.

9.     When originally released to the consuming public in November 2005, the Xbox 360 came in two configurations, the "Xbox 360" package, priced at $399.00, and the "Xbox 360 Core," priced at $299.00. The entry-level "Xbox 360 Core" has since been discontinued, replaced by the "Xbox 360 Arcade," priced at $199.99; the "Xbox 360" package is now priced at $299.99, and a new top-of-the-line version of the Xbox 360 has been added by defendant Microsoft, the "Xbox 360 Elite," originally priced at $479.99 upon its release in 2007.

10.     Fundamental to the operation of Xbox 360 is the optical disc drive ("ODD") incorporated into the machine, also referred to as a DVD-ROM drive. This ODD reader is used to read and run the game discs, digital video discs ("DVD"), or

compact discs ("CD") that the Xbox 360 is designed to operate and play for users. Games for the Xbox 360 are sold by Microsoft Corporation itself or are designed, manufactured and/or sold by many third-party manufacturers/publishers in conformity and compliance with Microsoft Corporation's license for use and operation on the Xbox 360 machine.

11.     These games, which run exclusively on the ODD player in the Xbox 360 game console, are widely available for purchase by consumers in New York State and cost between $29.99 and $59.99 new. The most popular games, highly desired by users of the Xbox 360, are priced at the higher price level of $59.99.

12.     As early as December 2005, reports were made by consumers using the Xbox 360 that these expensive game discs, and other DVDs and CDs, were being scratched, scored and irreparably damaged during normal play of said optical discs in the Xbox's ODD player. The damage to the discs was so serious that it caused the optical disc to be rendered unusable, freezing the game being played and/or causing the Xbox to reject the disc outright from startup.

13.     This issue has become an enormous problem for Microsoft, as evidenced by discussions, complaints, and videos posted on the Internet. Despite these complaints, Microsoft has refused to recall the Xbox 360 to fix the cause of the problem that results in irreparably scratched and damaged discs, and refuses to reimburse consumers who unknowingly damage their expensive game discs, DVDs or CDs by playing them in the defective machines.

14.     In litigation occurring in the State of Washington regarding this same issue, discovery has revealed that Microsoft knew *before* the November 2005 release of

the Xbox 360 game console that scratching, scoring and damage to the optical discs used in the machine could occur. As testified to in that action by a Microsoft program manager working on the original design of the Xbox 360, Hiroo Umeno, Microsoft received information in September and/or October 2005 about gyroscopic precession forces in the extremely high-speed slide-out tray ODD in the Xbox that caused and continue to cause the game disc, DVD or CD to wobble or come loose from the spindle that holds it in place, thereby allowing the disc to come in contact with internal hard parts in the ODD, which contact scratches and damages the surface of the disc.

15.     Defendant Microsoft Corporation thereafter analyzed -- and *rejected* -- three possible repairs and/or alterations to the Xbox 360 ODD system that would have eliminated the scratching and scoring problem: strengthening the magnetic charge that holds the game disc, DVD or CD in place in the slide-out tray while in use in the Xbox 360, slowing down the disc rotation speed in the ODD to reduce the gyroscopic forces causing disc wobble, and/or installing small soft bumper patches in the ODD that would have protected the optical disc in use.

16.     Microsoft Corporation did *nothing* to alter, change or repair this defect before placing the Xbox 360 on sale for consumers in the State of New York on and after November 22, 2005, and, upon information and belief, has still not taken any steps to ameliorate this problem with the Xbox 360 machine or to prevent disc scratching and scoring from occurring.

17.     Microsoft has, instead, only offered to replace scratched discs that were published by Microsoft Corporation alone, through a program called the "Microsoft Game Disc Replacement Order Program," thereby forcing New York State consumers to

pay $20.00 for replacement of the Microsoft game discs that Microsoft *knew* could or would be damaged by normal use of the Xbox 360 game console.

18. This "Microsoft Game Disc Replacement Program" does not cover, replace or pay for damaged game discs, DVDs or CDs sold by third-party manufacturers/publishers.

19. Defendant Microsoft widely advertised and promoted its Xbox 360 game console, especially on the Internet, where representations were made to consumers nationwide and in New York State that included, but were not limited to, assertions that the Xbox 360 "Redefines what power means" (January 16, 2006); "Big Fun, Bigger Value -- Xbox 360 gives you more for your entertainment dollar" (March 14, 2007); and "The Next Generation Now -- Xbox 360 is all about a new generation of extreme fun. Get in on the best games, the most powerful system, a worldwide community and much more" (February 7, 2008).

20. Nowhere in these advertisements did Microsoft warn about or otherwise notify consumers of the defect in the Xbox 360 game console that caused it to fatally score and scratch game discs used in the Xbox 360, thereby rendering the discs useless and causing the game console to reject the disc or freeze, even though that information was known to Microsoft since September and/or October of 2005, *before* the Xbox 360 release.

21. Microsoft advertised its then-new "Elite" Xbox 360 to consumers on the Internet on or about January 2, 2008, as follows:

> Xbox 360 Elite is the *premier* console package with a
> massive hard drive, a high-definition multimedia interface
> (HDMI) port, a high-definition cable, and a premium
> black finish for the console. [Emphasis added]

22.     Again, however, nowhere in this statement did Microsoft warn about or otherwise notify consumers of the defect in the Xbox 360 game console that caused it to fatally score and scratch game discs used in the Xbox 360, thereby rendering them useless and causing the game console to reject the disc or freeze.

23.     On or about February 16, 2008, plaintiff Kalypso Parkis bought a new Microsoft Xbox 360 "Elite" game console for $449.99 in Syracuse, New York, for her minor son. Mrs. Parkis also bought a number of Xbox 360 games to play on the game console.

24.     Within several months of the purchases, plaintiff Parkis and her son began to experience a failure of the Xbox to recognize game discs, and the Xbox game console would and continues to freeze up and stop working during game play. Upon examination of the game discs involved, the plaintiff Kalypso Parkis and her son found circular scratch marks on the game discs, including, but not limited to, the games "Tony Hawk's Proving Ground," by Activision Publishing, Inc., "Call of Duty -- World at War," also by Activision Publishing, Inc., and "Deadrising," by CAPCOM Entertainment, Inc., among others.

25.     Plaintiff Kalypso Parkis thereafter contacted Microsoft Corporation to seek an explanation and reimbursement for the damaged, unusable game discs that had been scratched by the Xbox 360 game console. Microsoft refused to refund or reimburse plaintiff Parkis for her losses, recommended she utilize the for-pay "Microsoft Game Disc Replacement Order Program" for any Microsoft game discs that had been scratched and rendered useless, and to contact the manufacturer/publisher of the third-party game discs to seek a refund and/or reimbursement for those scratched and damaged discs.

26.     Plaintiff Parkis did thereafter contact the third-party game manufacturer/ publisher Activision Publishing, Inc., which refused to pay for the scratched and damaged game discs; Activision stated to Mrs. Parkis that the discs had been in perfect condition at the time of her original purchase, and it was now "her problem" that the discs were scratched and unusable.

## CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this action on behalf of herself individually and all others similarly situated, as two (2) Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure. One Class which plaintiffs seek to represent is composed of and defined as follows: All persons in the State of New York who purchased or were given an Xbox 360 gaming console from November 22, 2005, to the present. Plaintiff further commences this action on behalf of a Sub-Class who purchased or were given a game disc, DVD, CD or other optical disc that was damaged by Microsoft's Xbox 360 game console. The Class and Sub-Class, referred to hereafter as the "Classes," excludes any officers and directors of defendant Microsoft Corporation.

28.     This action has been brought and may properly be maintained as a Class action under Federal law. These Classes satisfy the four requirements of F.R.C.P. Rule 23(a) for maintaining a Class action, because:

(a)     The Class is so numerous that joinder of all the individual members of the proposed Class is impracticable, and a class action is far superior to other available methods for the fair and efficient adjudication of this controversy. While the exact number of Class members is unknown at this time, plaintiff believes the Classes include thousands of members in New York State or more. The actual number is readily

ascertainable by discovery from defendant Microsoft, and the members of the Classes can thereafter be advised of this action or provided with any Class notices by regular U.S. Mail.

      (b)    Common questions of law and fact exist as to all members of the Classes, which predominate over any questions that affect only individual members of the Classes. These common questions of law and fact include, but are not limited to:

      (i)    The extent of the number of Xbox 360 game consoles that damage game discs, DVDs and CDs, thereby ruining them and making those discs unusable;

      (ii)    The facts and circumstances regarding how the Xbox 360 game console scratches and/or damages game discs, DVDs and CDs;

      (iii)    Whether the representations by defendant regarding the use and functioning of the Xbox 360 game console were untrue, deceptive and/or misleading as to any material fact;

      (iv)    Whether defendant's representations, conduct, statements, omissions and/or advertising were likely to deceive consumers into believing that the Xbox 360 would safely and properly utilize game discs, DVDs, and/or CDs without damaging those optical discs during regular use of the product;

      (v)    Whether defendant's representations, conduct, statements, omissions and/or advertising were likely to deceive consumers into believing that the Xbox 360 game consoles were fit for their intended use in violation of New York State consumer protection laws;

(vi) Whether defendant knew or should have known that the Xbox 360 game consoles were defective;

(vii) Whether defendant concealed and/or misled consumers in New York State and nationwide as to the Xbox 360 game console defects;

(viii) Whether defendant engaged in unfair and/or deceptive acts or practices and/or false advertising, in violation of N.Y. G.B.L. §§ 349 and 350;

(ix) Whether members of the Classes have been injured by defendant's conduct;

(x) Whether the members of the Classes are entitled to compensatory damages and if so, the appropriate measure and nature of such relief; and

(xi) Whether defendant should be determined and declared financially responsible for providing all statutory and/or Court-ordered notice(s) to New York State Class members in this litigations, including notification of the options available for replacement of the Xbox 360 game console and all game discs, DVDs and CDs damaged and rendered inoperable and/or unusable by the defects in the Xbox 360, including, but not limited to, provision of new Xbox 360 consoles and replacement of all damaged game discs, DVDs and CDs, or reimbursement for the full cost of all such defective and/or damaged items, and for such other and further relief as to the Court may seem just and proper.

(c)     Plaintiff's claims are typical of the claims of the members of the Classes.
Plaintiff and all members of the Classes sustained damages arising out of defendant's
course of conduct in manufacturing, distributing, promoting, advertising and sale of the
Xbox 360 in a defective condition in violation of the law. The losses of each member of
the Classes were caused directly by defendant's wrongful conduct in violation of New
York State statutory law and common law as alleged herein.

(d)     The individual representative plaintiff will fairly and adequately protect
the interests of the members of the Class. Plaintiff has no interests that are adverse to or
in conflict with the interests of the Class members. Plaintiff purchased her products
during the requisite time period. Plaintiff's counsel has experience and success in class
action litigation and damages claims for individuals, and will vigorously prosecute this
action.

29.     The promotion and marketing of the subject Xbox 360 game console took
place through a common course of conduct which involved standardized and mass-
market design, manufacturing, advertising, pricing policy, promotion, distribution and
sale which expressly stated, implied and/or created the ordinary expectation for
consumers that the Xbox 360 would properly, repeatedly, safely and without damage play
game discs, DVDs, and CDs while owned by members of the Classes. As a result, the
common issues which affect plaintiff and members of the Classes herein predominate
over those which affect any individual Class member.

30.     As the damages suffered by each individual member of the Classes may be
relatively small, the expense and burden of individual litigation would make it difficult or
impossible for individual members of the Classes to redress the wrongs done to them,

making a Class action the superior form of adjudication herein. The cost to the court system of adjudication of such individualized litigation would be substantial.

31.    In addition, the prosecution of separate actions by the individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for the defendant. By contrast, the conduct of this action as a Class action presents far fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each Class member.

32.    Finally, the prosecution of separate actions by the individual members of the Classes that would be dispositive of the interests of the other members of the potential Classes not parties to any individual adjudications, or that would substantially impair or impede the ability of those other non-members of the potential Classes to protect their interests, would be avoided by a Class action adjudication herein.

## FIRST CAUSE OF ACTION FOR UNFAIR AND/OR DECEPTIVE BUSINESS PRACTICES, IN VIOLATION OF N.Y. G.B.L. § 349

33.    The individual and representative plaintiff, on behalf of herself and all others similarly situated, repeats and realleges each and every allegation contained in paragraphs "1" through "32," hereof as if fully set forth herein.

34.    At all times relevant herein, the advertising, marketing and sale of the Xbox 360 game console by defendant Microsoft Corporation to plaintiff and other New York State consumers, knowing that the said game console could and would scratch, score and irreparably damage and render unusable game discs, DVDs and CDs, but without informing consumers of the same and/or taking the steps necessary to remediate

such a defect in its Xbox 360 game console, constituted consumer-oriented assertions, representations, statements, activities and actions by Microsoft Corporation that were untrue, deceptive and/or misleading in a material respect and which were known, or by the exercise of reasonable care should have been known, to be untrue, deceptive or misleading by the defendant Microsoft, which caused plaintiff and the Classes an actual injury or loss, in violation of New York General Business Law § 349.

35.     The defendant knew, or should have known, that its conduct, representations, statements and/or omissions, expressed or implied, as set forth above, regarding the Xbox 360 game console across New York State were materially deceptive and misleading to consumers, were likely to deceive the public, and said actions, assertions and/or omissions caused plaintiff and the members of the Classes, at minimum: (i) a loss of between $199.99 and $479.99 for each Xbox 360 game console purchased, plus tax, with interest, costs, disbursements, and expenses of litigation, including attorney fees, from November 22, 2005, to the present, inclusive; and (ii) a loss of between $29.99 and $59.99 for each game disc damaged by scratching or scoring, or any other loss for DVDs and CDs damaged by scratching or scoring when used in the Xbox 360 game console, plus tax, with interest, costs, disbursements, and expenses of litigation, including attorney fees, from November 22, 2005, to the present, inclusive.

36.     In light of the admissions by Microsoft employees in similar litigation that defendant Microsoft knew that the Xbox 360 game console could and would scratch and score game discs, DVDs, CDs, and other optical media before the Xbox 360 console was placed on the market in New York State in November 2005, thereby irreparably damaging said discs, among other potential claims herein, constitutes willing and

knowing deceptive acts and practices in the conduct of Microsoft's business, trade and/or commerce in selling consumer electronics products nationwide, and in the State of New York, and such action and behavior shocks the conscience, thereby justifying treble damages in this action as provided by statute.

37.     Pursuant to N.Y. G.B.L. § 349, plaintiff and the members of the Classes are entitled to restitution, their actual damages and/or recovery of treble damages upon defendant's willful and knowing violation of said statute, and costs, disbursements and attorney fees relating thereto.

## SECOND CAUSE OF ACTION FOR FALSE AND/OR MISLEADING ADVERTISING, IN VIOLATION OF N.Y. G.B.L. §§ 350 and 350-e

38.     The individual and representative plaintiff, on behalf of herself and all others similarly situated, repeats and realleges each and every allegation contained in Paragraphs "1" through "37," hereof as if fully set forth herein.

39.     At all times relevant herein, in addition to the acts, practices, misrepresentations and/or omissions described above, the advertising, promotional, operational, and internet statements, assertions, and materials, and other promotional efforts undertaken by defendant across New York State and nationwide, constituted advertising devices, publicly disseminated by defendant Microsoft, containing consumer-oriented assertions, representations and/or statements regarding the use and operation of defendant's Microsoft Xbox 360 game console that were untrue, or which implied information that was untrue, were deceptive and/or materially misleading, and which were known, or by the exercise of reasonable care should have been known, to be untrue,

deceptive or misleading by defendant, in violation of New York's false advertising statute, New York General Business Law §§ 350 and 350-e.

40.     The defendant knew, or should have known, that its representations were false in a material respect or falsely implied a material fact about which the public was likely to be misled or deceived with regard to the Xbox 360 game console across New York State, and said actions, assertions and/or omissions caused plaintiff and the members of the Classes, at minimum: (i) a loss of between $199.99 and $479.99 for each Xbox 360 game console purchased, plus tax, with interest, costs, disbursements, and expenses of litigation, including attorney fees, from November 22, 2005, to the present, inclusive; and (ii) a loss of between $29.99 and $59.99 for each game disc damaged by scratching or scoring, or any other loss for DVDs and CDs damaged by scratching or scoring when used in the Xbox 360 game console, plus tax, with interest, costs, disbursements, and expenses of litigation, including attorney fees, from November 22, 2005, to the present, inclusive.

41.     In light of the admissions by Microsoft employees in similar litigation that defendant Microsoft knew that the Xbox 360 game console could and would scratch and score game discs, DVDs, CDs, and other optical media before the Xbox 360 console was placed on the market in New York State in November 2005, thereby irreparably damaging the same, constitutes willing and knowing false advertising and deceptive acts and practices in the conduct of Microsoft's business, trade and/or commerce in selling consumer electronics products nationwide, and in the State of New York, and such action and behavior shocks the conscience, thereby justifying treble damages in this action as provided by statute.

42.     Pursuant to N.Y. G.B.L. § 350-e, plaintiff and members of the Classes are entitled to restitution, their actual damages and/or recovery of treble damages upon defendant's willful and knowing violation of said statute, and costs, disbursements and attorney fees relating thereto.

## REQUEST FOR A JURY TRIAL

43.     The individual and representative plaintiff, on behalf of herself and all others similarly situated in the Classes, requests a jury trial of all issues set forth in this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, the individual and representative plaintiff, on behalf of herself and all others similarly situated, prays for judgment against defendant herein as follows:

A.     An Order confirming the certification of the plaintiff Classes and appointing plaintiff and her counsel to represent the Classes;

B.     On behalf of plaintiff and the Classes, the actual and consequential compensatory damages requested herein, together with the interest thereon from the date of purchase of: (i) the Xbox 360 game console; and (ii) all game discs, DVDs, CD products, and any other optical media scratched and/or scored during use in a Microsoft Xbox 360 game console to present;

C.     On behalf of plaintiff and the Classes, the punitive and treble damages as requested herein;

D.     For statutory pre- and post-judgment interest;

E.     For reasonable attorneys' fees and the costs and disbursements of this action; and

F.     For such other and further relief which is reasonable under the

circumstances and to this Court may seem just and proper.

DATED: January 28, 2009

                              Yours, etc.,

                              GREENE & REID, PLLC

                              By:  James T. Snyder, Esq.
                              N.D.N.Y. Bar Roll No. 500171
                              Counsel for Plaintiff
                              Office and Post Office Address:
                              173 Intrepid Lane
                              Syracuse, New York   13205
                              Telephone:  (315) 492-9665