UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

**KALYPSON PARKIS**, individually and on
behalf of all others similarly situated,

                              **Plaintiff,**

                      v.                                  5:09-CV-110
                                                           (FJS/GHL)

**MICROSOFT CORPORATION,**

                              **Defendant.**

_____

**APPEARANCES**                              **OF COUNSEL**

**GREENE & REID, PLLC**                **JAMES T. SNYDER, ESQ.**
173 Intrepid Lane
Syracuse, New York 13205-2538
Attorneys for Plaintiff

**HANCOCK & ESTABROOK, LLP**      **JOHN G. POWERS, ESQ.**
1500 AXA Tower I                        **ZACHARY M. MATTISON, ESQ.**
100 Madison Street                      **JOHN L. MURAD, JR., ESQ.**
Syracuse, New York 13202           **JAMES P. YOUNGS, ESQ.**
Attorneys for Defendant

**SCULLIN, Senior Judge**

## ORDER

       On March 19, 2009, Defendant filed a motion to dismiss, transfer or stay this action pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1404(a). *See* Dkt. No. 10. Plaintiff submitted papers in opposition to that motion, *see* Dkt. Nos. 12, 15, to which Defendant responded, *see* Dkt. No. 14. The Court heard oral argument in support of, and in opposition to, this motion on June 3, 2009. At the close of argument, the Court granted Defendant's motion to stay this action pending the decision of the District Court for the Western

District of Washington regarding a motion for class certification in *In Re Microsoft Xbox 360 Scratched Disc Litigation*, 2:07-CV-1121-JCC ("Washington Litigation").  The Court also advised the parties that it would issue a summary order memorializing its oral ruling.

Defendant's motion rests almost entirely on application of the first-filed doctrine, i.e., that because the Washington Litigation was filed before the action in this Court and, according to Defendant, involves the same parties and the same issues, this Court should either dismiss, transfer, or stay this action in favor of the Washington Litigation.  At oral argument, Defendant acknowledged that, although Plaintiff in this case is a member of the "putative" class in the Washington Litigation, the court in that litigation has not yet certified a class.  Defendant also acknowledged that the court in the Washington Litigation could decide not to certify the requested class or could certify a class that does not include Plaintiff and the members of the putative class that she seeks to have this Court certify.  Finally, in response to the Court's questioning, Defendant admitted that there would not be any reason for this Court to dismiss this action or transfer it to the Western District of Washington if the court in the Washington Litigation denied the motion for class certification.

Although opposing Defendant's motion in its entirety, Plaintiff did acknowledge, in response to the Court's questions, that, if the court in the Washington Litigation certified a class that included Plaintiff, she would have the burden to establish that the balance-of-convenience factors, i.e., the 28 U.S.C. § 1404(a) factors, weighed against the application of the first-filed doctrine.

In the end, both parties agreed that the Court cannot definitively determine the appropriate resolution of Defendant's motion until after the court in the Washington Litigation

-2-

reaches its decision regarding the pending motion for class certification. Accordingly, based on the parties' submissions, their oral arguments, and the applicable law, the Court hereby

**ORDERS** that Defendant's motion to stay this action pending the decision of the court in the Washington Litigation regarding class certification is **GRANTED**; and the Court further

**ORDERS** that Defendant's motion is **DENIED** in all other respects; and the Court further

**ORDERS** that Defendant shall file with the Court and serve on opposing counsel a copy of the decision of the Western District of Washington disposing of the pending motion for class certification in the Washington Litigation within **seven days** of the filing of that decision; and the Court further

**ORDERS** that Plaintiff's request that the Court direct Defendant to include her, as a full participant, in any and all mediations and/or arbitrations held that involve a potential nationwide, global settlement of the instant action and the pending Washington State Litigation, is **DENIED** for the reason stated at oral argument.

**IT IS SO ORDERED.**

Dated: June 4, 2009
       Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge